MRS. W. L. HUTCHISON, CHARLES L. HUTCHISON AND WIFE, GLADYS S. HUTCHISON, PLAINTIFFS, v. CAROLINA AND SOUTHERN PROCESSING COMPANY, DEFENDANT.

(Filed 24 September, 1958.)

**Injunctions § 4b—**

Order denying application for a temporary order restraining defendant from continuing to operate its plant on lands contiguous to lands owned by plaintiffs, demanded on the ground that such operation constituted a nuisance, affirmed on authority of *Huskins v. Hospital*, 238 N.C. 357.

PARKER, J., not sitting.

APPEAL by plaintiffs from *Dan K. Moore, J.*, April Term, 1958, of GASTON.

Civil action wherein plaintiffs allege that the operation of defendant's processing plant constitutes a nuisance; and plaintiffs seek (1) damages, and (2) a permanent injunction to abate the alleged nuisance.

After notice and hearing, the court signed an order denying plaintiffs' application for "a temporary order . . . restraining the defendant . . . from continuing to operate its plant and maintain such nuisance on the land contiguous to the land of these plaintiffs . . ."

Plaintiffs' appeal is based upon their exception to this interlocutory order.

*Hugh W. Johnston, for plaintiffs, appellants.*

*Sidney J. Stern and Mullen, Holland & Cooke for defendant, appellee.*

PER CURIAM. The affidavits offered and considered at the hearing afforded sufficient factual basis for the court, in its discretion, to deny plaintiffs' application that defendant be restrained pending final determination of the cause. Hence, the order is affirmed.

The applicable legal principles are fully stated in *Huskins v. Hospital*, 238 N.C. 357, 78 S.E. 2d 116.

Affirmed.

PARKER, J., not sitting.

---

RICHARD ROBINSON, KATIE FULTON AND MARGUERITE FITCHETT, v. ANDREW SAMPSON.

(Filed 24 September, 1958.)

APPEAL by plaintiffs from *Frizzelle, J.*, February, 1958 Civil Term, NEW HANOVER Superior Court.

Civil action to remove cloud from the title to specifically described lands. Plaintiffs allege (1) they, uncle and aunts, inherited the lands as heirs at law of Gertrude Green, deceased; (2) the defendant falsely claims he is the illegitimate son of Gertrude Green and that the land descended to him upon her death intestate; and (3) the defendant's false claim constitutes a cloud upon the plaintiffs' title which they ask the court to remove. The defendant denied plaintiffs' claim of title and asserted his sole ownership as the illegitimate son of Gertrude Green, deceased. The parties agreed upon the proper issue, the burden of proof, and the right to open and conclude the argument.

After hearing the evidence the jury rendered a verdict for the defendant. The court entered judgment declaring him the owner of the land and entitled to the immediate possession. From the judgment, the plaintiffs appealed.

*Taylor & Mitchell, for plaintiffs, appellants.*
*Marsden Bellamy, George Rountree, Jr., for defendant, appellee.*

PER CURIAM. The plaintiffs bring forward numerous assignments of error based on the admission of evidence and the court's charge. These we have examined and we find them without merit.

No Error.